

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
- BROWNSVILLE DIVISION -

United States District Court
Southern District of Texas

DEC 3 0 1998
ENTERED

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| FRANCISCO PASCUAL BARTOLO-PEDRO, <br> Petitioner | § § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-282 |
| JANET RENO, ATTORNEY GENERAL, et al., <br> Defendants | § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before this Court is Defendants' Return and Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and 12(b)(6). (Docket No. 6). On May 5, 1998, Plaintiff Francisco Pascual Bartolo-Pedro ("Bartolo") filed Petitioner's Motion for Voluntary Dismissal of Claims One (due process violation) and Two (equal protection challenge). (Docket No. 9). On December 30, 1998, Claims One and Two were dismissed with prejudice. The claims remaining for this Court's consideration are (1) Petitioner's eligibility for benefits under *American Baptist Churches, et al. v. Thornburgh*, 760 F. Supp. 796 (N.D. Cal. 1991), (2) Injunctive Relief, and (3) Declaratory Judgment.

For reasons stated below, this Court is of the opinion that Defendants' Return and Motion to Dismiss should be GRANTED.

### BACKGROUND

Bartolo, a native and citizen of Guatemala, entered the United States without inspection on or about April 3, 1985, near Nogales, Arizona. (Docket No. 1). Bartolo lived in the United

States for several years without obtaining proper legal status. (Docket No. 1). While in the United States, Bartolo qualified as a class member of the Stipulated Settlement Agreement promulgated in *American Baptist Churches, et al. v. Thornburgh,* 760 F. Supp. 796 (N.D. Cal. 1991) ("ABC"). As a class member, Bartolo was entitled to and obtained a work authorization card under 8 CFR § 247a.12 pending the final adjudication of his immigration case. (Docket No. 1). However, Bartolo's work authorization expired in 1996, and despite his alleged attempts to secure a renewal, Bartolo failed to obtain a new card. (Docket No. 1).

On June 7, 1997, Bartolo flew from the United States to visit his mother in Guatemala as she was seriously ill. (Docket No. 1). Bartolo left, however, without requesting advance parole for his return to Guatemala. (Docket No. 1). Bartolo returned to the United States on November 2, 1997, and attempted to re-enter using a false alien registration card. (Docket No. 1). Because Bartolo failed to present proper documentation, he was rendered inadmissible pursuant to section 212 (a)(6)(c) of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1182 (a)(6)(C), and was detained. (Docket No. 6).

The Immigration and Naturalization Service ("INS") subsequently placed Bartolo into immigration proceedings commonly called "expedited removal" pursuant to section 235 of the INA, 8 U.S.C. § 1225.

On November 25, 1997, the INS allegedly issued Bartolo a letter informing him that he was no longer eligible for ABC benefits as he had been apprehended at the time of entry. (Docket No. 6). On November 26, 1997, an INS asylum officer conducted an interview to determine if Bartolo had a "credible fear" of persecution if returned to Guatemala. (Docket No. 1, Ex. "A"; see also Docket No. 6). The INS officer determined Bartolo did not have a

credible fear and entered an order of removal. (Docket No. 6). Bartolo requested that an immigration judge review the asylum officer's determination pursuant to section 235 (b)(1)(B)(iii)(III) of the INA, 8 U.S.C. §1225 (b)(1)(B)(iii)(III). (Docket No. 6, Ex. "B"). On December 2, 1997, the immigration judge affirmed the determination made by the INS asylum officer and a final order of removal from the United States was entered. (Docket 1, Ex. "C"; see also Docket No. 6).

In an effort to prevent his removal, Bartolo filed his Petition for Habeas Corpus on December 22, 1997. (Docket No. 6).

On February 11, 1998, the INS voluntarily conducted a second credible fear interview with Bartolo's consent. (Docket No. 6, Ex. "C"; see also Docket No. 7). Upon concluding the interview, the INS determined that Bartolo did have a credible fear of returning to Guatemala and vacated the order of removal. *Id.* As a result, Bartolo was placed in "regular," non-expedited immigration proceedings pursuant to section 240 of the INA. *Id*

On May 21, 1998, Bartolo's removal hearing pursuant to section 240 of the INA was held in Harlingen, Texas before an immigration judge. (Docket No. 11). The immigration judge denied Bartolo's application for asylum and ordered him removed. (Docket No. 11, Ex. 1). Bartolo waived an appeal. *Id.* On June 11, 1998, Bartolo was released on bond. (Docket No. 11).

Bartolo seeks review of the INS' determination that he is ineligible for further benefits under the ABC settlement. (Docket No. 1). Specifically, Bartolo claims that as an ABC class member he is entitled to a de novo asylum adjudication before an Asylum Officer as set forth in paragraph 2 of the ABC settlement agreement. (Docket No. 1). The Attorney General claims

that under the plain language of Paragraph 2 of the ABC agreement, Bartolo is ineligible for ABC benefits because he was apprehended at the time of entry. (Docket No. 6).

Bartolo additionally seeks declaratory and injunctive relief. (Docket No. 1).

**REPORT AND RECOMMENDATION**

**I. JUDICIAL REVIEW OF ORDERS OF REMOVAL**

To the extent that Bartolo seeks review of the order of removal entered pursuant to the "regular removal" proceedings on May 21, 1998[1], this Court is of the opinion that it has no jurisdiction to entertain Bartolo's claims for relief. Judicial review of a final order of removal is governed only by chapter 158 of Title 28. 8 U.S.C. §1252(a) (Supp. 1998). Chapter 158 of Title 28 sets forth, in part, that the court of appeals has exclusive jurisdiction to enjoin, set aside, or to determine the validity of final orders. 28 U.S.C. §2342 (Supp. 1998). Further, section 1252(g) details that no court shall have jurisdiction to hear any cause or claim by or on behalf of an alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien. 8 U.S.C. § 1252 (g). (Supp. 1998). Accordingly, Bartolo's claims for (1) review of the INS's determination of Bartolo's ineligibility for ABC benefits, (2) declaratory judgment, and (3) injunctive relief should be dismissed for lack of jurisdiction.

**II. BARTOLO'S CLAIM FOR ELIGIBILITY OF THE BENEFITS UNDER THE STIPULATED AGREEMENT IN *AMERICAN BAPTIST CHURCHES V. THORNBURGH***

Assuming, arguendo, jurisdiction to review Bartolo's claim for benefits under the ABC

---

[1] In his Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief, Bartolo challenged the order of removal entered pursuant to the "expedited removal" proceedings on November 26, 1997. However, this cause of action is moot as that order was rescinded and Bartolo was placed under "regular removal" proceedings.

4

settlement agreement, this court is of the opinion that Bartolo is not entitled to a de novo asylum adjudication before an asylum officer as provided for in the ABC case. The fact that Bartolo is a member of the ABC class is not in dispute. However, mere membership does not entitle Bartolo to the benefits of the settlement agreement. Under the plain language of the ABC agreement, Bartolo is a class member identified in paragraph 2 of the agreement. Paragraph 2 clearly states: "Class members apprehended at time of entry after the date of preliminary approval of this agreement shall not be eligible for the benefits hereunder." *American Baptist Churches*, 760 F. Supp. at 800. Bartolo was apprehended at the time entry when attempting to re-enter the United States on November 2, 1997 using a false alien registration. As a result, the INS determined that Bartolo was ineligible for a de novo asylum adjudication before an asylum officer. It is clear from the plain language of the ABC agreement that the drafter's intent was to deny benefits to those class members like Bartolo. Had the intent of the settlement drafters been otherwise, the same would have been detailed in the agreement.

IT IS THEREFORE RECOMMENDED that Respondent's Return and Motion to Dismiss should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 30TH day of December, 1998.

                                                John Wm. Black
                                                United States Magistrate Judge