IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-40292
Summary Calendar

FRANCISCO PASCUAL BARTOLO PEDRO,

           Petitioner-Appellant,

versus

E.M. TROMINSKI, District Director,
Immigration and Naturalization Service;
JANET RENO, United States Attorney General;
DORIS MEISSNER, Commissioner of Immigration
and Naturalization Service; U.S. ATTORNEY

           Respondents-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CV-282
- - - - - - - - - -

Before DAVIS, JONES and DEMOSS, Circuit Judges.

PER CURIAM:*

  Francisco Pascual Bartolo Pedro (Bartolo), a native and citizen of Guatemala who first entered the United States in 1985 and was apprehended upon reentry in 1997, appeals from the district court's judgment dismissing his 28 U.S.C. § 2241 petition for lack of jurisdiction based upon 8 U.S.C. § 1252(g). Bartolo's § 2241 petition is both an attempt to prevent the INS from effectuating its 1998 removal order and an appeal of the INS

---

  * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding determining that he was ineligible to benefits from the ABC Settlement. R. 206-07, 252-53. Accordingly, the requested relief falls within the ambit of § 1252(g), and the district court correctly held that it was without jurisdiction to consider it. See § 1252(g); Reno v. American-Arab Anti-Discrimination Committee, 119 S. Ct. 936, 943 (1999).

Because we AFFIRM the district court's judgment that it lacked jurisdiction over Bartolo's § 2241 petition, we need not address his contentions that: 1) he was not "apprehended at the time of entry" because he had not actually entered the United States when he was apprehended; 2) the deprivation of rights due him under the ABC Settlement[**] violated due process; and 3) the district court abused its discretion by overruling his objections to the magistrate judge's report and recommendation "without comment" and by denying "without comment" his Fed. R. Civ. P. 59(e) motion to amend judgment.

AFFIRMED.

---

[**] American Baptist Churches v. Thornburgh, 760 F.Supp. 796 (N.D. Cal. 1991)